FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

2016 OCT 28 PM 2:30

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO. FLORIDA

**IRENE ANDRE,**

**Plaintiff,**

**CASE NO.:** 6:16-cv-1890-ORL-40KRS

**-vs-**

**CREDIT ONE FINANCIAL,**

**Defendant.**

______________________________/

## COMPLAINT

1. CREDIT ONE FINANCIAL "robo-called" her more than 100 times in stark violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## INTRODUCTION

2. "Robocalls" are the #1 consumer complaint in America today.

3. The FTC reported over 3.2 million complaints about robocalls in 2014, of which almost half (1,678,433) occurred after the consumer had already requested that the company stop call. Federal Trade Commission, National Do Not Call Registry Data Book, FY 2014, at 5 (Nov. 2014). Since this report the number of complaints have increased. Robocalls are very inexpensive to make. As was noted in a Senate hearing on the subject: "With such a cheap and scalable business model, bad actors can blast literally tens of millions of illegal robocalls over the course of a single day at less than 1 cent per minute." *Senate Hearing* at 5.

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC

every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

5. The TCPA was enacted to prevent companies like CREDIT ONE FINANCIAL from invading American citizens' privacy and prevent illegal robocalls.

6. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745, 181 L.Ed.2d 881 (2012).

7. Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227; see also *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012) ("The Act bans certain practices invasive of privacy").

8. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991) Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osario v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

9. According to findings by the Federal Communication Commission ("FCC")—the agency Congress vested with authority to issue regulations implementing the TCPA—such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and

inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

## JURISDICTION AND VENUE

10. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

11. The alleged violations described in the Complaint occurred in Brevard County, Florida.

## FACTUAL ALLEGATIONS

12. Plaintiff is a natural person, and citizen of the State of Florida, residing in Brevard County, Florida

13. Plaintiff is a "consumer" as defined in Florida Statute 559.55(8).

14. Plaintiff is an "alleged debtor."

15. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

16. Defendant, is a corporation which was formed in Nevada with its principal place of business at 585 Pilot Road, Las Vegas, NV 89119, and conducting business in the state of Florida through its registered agent, National Registered Agents, Inc. of NV, 710 South Carson Street, Suite 200, Carson City, NV 89701.

17. Defendant is a "debt collector" as defined by Florida Statute § 559.55(7).

18. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

19. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such a frequency as can be reasonably expected to harass.

20. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

21. Upon information and belief, each call made to the Plaintiff was made using an "automatic telephone dialing system" (ATDS) which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

22. Furthermore, each of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227 (b)(1)(A).

23. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

24. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (954) 218-4168, and was the called party and recipient of Defendant's above described calls.

25. Defendant made at least one call to (954) 218-4168 using an ATDS.

26. Each call the Defendant made to (954) 218-4168 in the last four years was made using an ATDS.

27. Defendant made at least fifty (50) calls to (954) 218-4168 using an ATDS.

28. Defendant made at least one hundred (100) calls to (954) 218-4168 using an ATDS.

29. Defendant has stipulated in another lawsuit that the telephone system used to call the Plaintiff was in fact an ATDS.

30. In or about July 2016, Plaintiff received a telephone call to her aforementioned cellular telephone number from Defendant seeking to recover a debt. Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone numbers: (585) 283-6312, (210) 892-2188, (505) 663-7040, (630) 475-5781, (313) 444-2942, (319) 471-4032.

31. Immediately upon receipt of the calls, in or about July 2016, Plaintiff answered a call from the Defendant and demanded that Defendant stop calling her aforementioned cellular telephone number.

32. In or about July of 2016, during the aforementioned phone conversation with Defendant's agent/representative, Plaintiff expressly revoked any express consent Defendant may have mistakenly believed it had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an ATDS or a pre-recorded or artificial voice.

33. Each subsequent call Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

34. Each of Plaintiff's conversations with the Defendant demanding an end to the harassment were ignored.

35. Defendant has recorded at least one conversation with the Plaintiff.

36. Defendant has recorded numerous conversations with the Plaintiff.

37. Despite actual knowledge of their wrongdoing, and that they did not have Plaintiff's consent, the Defendant continued its barrage of phone calls to Plaintiff's aforementioned cellular telephone number in an attempt to collect a debt.

38. From about July 2016 through the filing of this Complaint, Defendant placed approximately (100) automated calls to Plaintiff's aforementioned cellular telephone (or as will be

established after a thorough review of Defendant's records), despite the Plaintiff revoking any consent Defendant may have mistakenly believed they had to place calls to her aforementioned cellular telephone number.

39. Defendant's corporate policy and procedures is structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have mistakenly believed it had.

40. Defendant's, corporate policy and procedures provided no means for the Plaintiff to have her aforementioned cellular number removed from the call list.

41. Defendant has a corporate policy of using an ATDS or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

42. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint. The Defendant has been sued civilly in Federal Court 118 times since January 2016 (**Attached hereto as Exhibit "A"**).

43. In the last three (3) years, the Defendant has had 479 complaints reported to the Better Business Bureau (BBB), of which 340 of those complaints are classified as being related to "Billing/Collection Issues" (**attached hereto as exhibit "B"**).

44. Defendant violated the TCPA with respect to the Plaintiff.

45. Defendant willfully or knowingly violated the TCPA with respect to the Plaintiff.

**<u>COUNT I</u>**
**(Violation of the TCPA)**

46. Plaintiff incorporates Paragraphs one (1) through forty-five (45).

47. Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an ATDS or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

48. Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an ATDS or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

**COUNT II**
**(Violation of the FCCPA)**

49. Plaintiff incorporates Paragraphs one (1) through forty-five (45).

50. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

51. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

52. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

53. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.

Respectfully submitted,

*s/William Peerce Howard*

William Peerce Howard, Esquire
Florida Bar No. 0103330

Billy@TheConsumerProtectionFirm.com
Amanda J. Allen, Esquire
Florida Bar No. 98228
Amanda@TheConsumerProtectionFirm.com
The Consumer Protection Firm, PLLC
210 A South MacDill Avenue
Tampa, FL 33609
Tele: (813) 500-1500
Fax: (813) 435-2369
Attorney for Plaintiff